**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0242-21

PAMELA THOMAS,

 Plaintiff-Respondent,

v.

ANDREW WOZNIAK,

 Defendant-Appellant.

_____

Submitted October 20, 2022 – Decided October 28, 2022

Before Judges Haas and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-0747-10.

Andrew Wozniak, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

 Defendant appeals from the Family Part's July 23, 2021 order denying his motion for reconsideration. We affirm.

Defendant was obligated to pay plaintiff child support for the parties' two children. Both children are now emancipated, but defendant still owes plaintiff child support arrears.

In February 2021, defendant filed a motion seeking to eliminate the arrears. Defendant argued that his mother had obtained a judgment against plaintiff in another matter for unpaid rent. He asserted his mother later assigned the judgment to him.[1] Because this judgment allegedly exceeded the amount of his child support arrears, defendant asked that this obligation be extinguished.[2]

On April 30, 2021, the trial judge denied defendant's motion. The judge stated:

> Defendant's application to apply a judgment against [p]laintiff in another matter . . . toward his child support obligation arrears is hereby denied. If [d]efendant has a [j]udgment against . . . [p]laintiff in another matter, [d]efendant may apply the amount he collects from the [j]udgment to pay [child support arrears], however, the court cannot trade one [j]udgment for another. . . . Defendant remains responsible to pay [c]hild [s]upport arrears in this case.

---

[1] Defendant did not provide the trial court with a copy of his mother's judgment or documentation concerning the assignment of this judgment. The record on appeal also does not reveal the amount of defendant's child support arrears. However, defendant represents in his brief that the arrears were $31,587.04 as of May 3, 2021, and his mother held a $50,236.05 judgment against plaintiff.

[2] Defendant also requested other relief that is not related to the issue on appeal.

A-0242-21

Defendant filed a motion for reconsideration, and reargued the same points he made in his original submission. On July 23, 2021, the trial judge denied defendant's motion. In her written statement of reasons, the judge found that "[d]efendant simply provide[d] the same argument that was set forth in" his prior motion. Therefore, defendant failed to demonstrate that the April 30, 2021 decision was "based . . . upon a palpably incorrect basis, or . . . did not consider or failed to appreciate the significance of probative, competent evidence." This appeal followed.

On appeal, defendant challenges the trial court's denial of his motion for reconsideration. We review the denial of a motion for reconsideration to determine whether the trial court abused its discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). "Reconsideration cannot be used to expand the record and reargue a motion." Capital Fin. Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). A motion for reconsideration is meant to "seek review of an order based on the evidence before the court on the initial motion . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Ibid.

For these reasons, reconsideration should only be granted in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed

A-0242-21

its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence[.]"  Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). Therefore, we have held that "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010).

We have considered defendant's contentions in light of the record and the applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion.  See R. 2:11-3(e)(1)(E).  We are satisfied that the trial judge properly denied defendant's motion for reconsideration, and we affirm substantially for the reasons expressed in the judge's statement of reasons supporting the July 23, 2021 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0242-21